IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT JOE THOMPSON, <br>     Plaintiff, | Civil Action No. 7:05cv00524 |
| v. | MEMORANDUM OPINION |
| ROANOKE CITY JAIL, <br>     Defendant. | By: Jackson L. Kiser <br> Senior U.S. District Judge |

Plaintiff Robert Joe Thompson, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C.§ 1343. Thompson alleges that as he was sentenced pursuant to a conviction in state court on February 24, 2005, he should be transferred to a state run facility rather than the remain incarcerated at the Roanoke City Jail. As relief, Thompson seeks a transfer to a state run facility and retention of all his good time allowance. After reviewing the complaint, I find that it must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). However, a complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

As a threshold matter, the Roanoke City Jail is not a state actor in itself and therefore, is not a proper defendant in a §1983 action. However even if plaintiff was given the opportunity to amend his complaint to name other defendants, his claim would still be dismissed as he has failed to make any allegation of fact which if true would amount to a Constitutional violation.

Although Thompson has failed to specify how his continued incarceration in the Roanoke City Jail has violated his constitutional rights, to the extent that this claim can be construed as an Eighth Amendment claim of cruel and unusual punishment or a Fourteenth Amendment claim of denial of due process, I find that it must be dismissed for failure to state a claim on which relief can be granted.

The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). On the other hand, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347. As a result, in order to state a claim of constitutional significance regarding prison conditions, a plaintiff must demonstrate not only that the living conditions violated contemporary standards of decency, but also that prison officials acted with deliberate indifference to such conditions. Wilson v. Seiter, 501 U.S. 294 (1991). Moreover, plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993). While Thompson may be dissatisfied with the amenities offered at the Roanoke City Jail, he has not alleged anything to suggest that these conditions violate contemporary standards of decency. Nor has plaintiff demonstrated that because of the conditions he has sustained a serious or significant injury or is at risk of a future injury. Therefore, he has failed to state a constitutional claim under the Eighth Amendment. Accordingly, these claims will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for

failure to state a claim upon which relief may be granted.

Although the Fourteenth Amendment does afford prisoners some due process rights, when a defendant is lawfully convicted and confined to jail, he loses a significant interest in his liberty for the period of the sentence. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Such confinement is necessarily subject to the broad discretion of those parties managing the jail. Id. However, the confinement does not strip the inmate of all of his liberty interests. Id. "These interests will be generally limited to the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Changes "in a prisoners's location, variations of daily routing, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston, 946 F.2d at 343. Additionally, the Constitution does not guarantee that a convicted prisoner will be placed in any particular prison. Meachum v. Fano, 427 U.S. 215, 224 (1976). Accordingly, the transfer or failure to transfer an inmate between correctional institutions is not subject to review under the Due Process clause. Id. Thus, a valid conviction "empower[s] the State to confine him in *any* of its prisons." Id. (emphasis in original).

In this case, Thompson believes that as he has been sentenced, he should now be transferred to a state run facility. However, as noted above, an inmate has no liberty interest as to what prison he is or will be incarcerated in for the duration of his sentence. Therefore, Thompson does not demonstrate any deprivation under the due process clause.

3

Based on the foregoing, I find that Thompson has not presented any claims on which relief can be granted. Therefore, I will dismiss the complaint without prejudice.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

**ENTER**: This 26 day of August, 2005.

Senior United States District Judge